**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

JUAN PABLO GARRIDO CHILACA,
*Defendant-Appellant*.

No. 17-10296

D.C. No.
2:16-cr-00195-DLR-1

OPINION

Appeal from the United States District Court
for the District of Arizona
Douglas L. Rayes, District Judge, Presiding

Argued and Submitted October 15, 2018
San Francisco, California

Filed November 26, 2018

Before: Michael Daly Hawkins and Andrew D. Hurwitz,
Circuit Judges, and Lee H. Rosenthal,[*] Chief District
Judge.

Opinion by Chief District Judge Rosenthal

---

[*] The Honorable Lee H. Rosenthal, Chief United States District
Judge for the Southern District of Texas, sitting by designation.

## SUMMARY[*]

### Criminal Law

The panel reversed in part, vacated in part, and remanded, in a case in which the defendant was convicted of four counts of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

The panel held that, under § 2254(a)(4)(B), which makes it a crime to knowingly possess "1 or more" matters containing any visual depiction of child pornography, simultaneous possession of different matters containing offending images at a single time and place constitutes a single violation.  The panel held that the four counts charging the defendant with possession of child-pornography images on separate media found at the same time and in the same place were therefore multiplicitous and constituted double jeopardy.  The panel held that the error was not harmless, but that because the record clearly shows that evidence presented at trial would have been the same regardless of the number of counts charged, no new trial is warranted.  The panel remanded with instructions to vacate three of the multiplicitous counts of convictions and to resentence the defendant on the remaining count.

---

[*] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## COUNSEL

Juliana Manzanarez (argued) and Ray A. Ybarra Maldonado, Ybarra Maldonado & Associates, Phoenix, Arizona, for Defendant-Appellant.

Peter S. Kozinets (argued) Assistant United States Attorney; Krissa M. Lanham, Deputy Appellate Chief; Elizabeth A. Strange, First Assistant United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Plaintiff-Appellee.

## OPINION

ROSENTHAL, Chief District Judge:

Juan Pablo Garrido Chilaca was convicted after a jury trial of four counts of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The district court sentenced Chilaca to serve four concurrent 66-month prison terms, followed by a lifetime of supervised release.

In this appeal, Chilaca contends that his four counts of conviction were multiplicitous and constituted double jeopardy. This court has jurisdiction under 28 U.S.C. § 1291. We reverse and remand with instructions to vacate all but one of the counts and to resentence Chilaca accordingly.[1]

---

[1] Chilaca also contends that the district court erred in denying his motion to suppress his confession. We dispose of that contention in a separate memorandum disposition filed today.

## I.  BACKGROUND

In May 2015, Dropbox, Inc.—an internet company providing data storage for electronic files—submitted a tip to the National Center for Missing and Exploited Children that child-pornography images had been uploaded to an account registered to "Pablo Garrido."  Dropbox identified the account email address as karmus28@gmail.com.  The FBI linked the Dropbox and email accounts to IP addresses and to a cellphone number in Pablo Garrido's name.

Executing a search warrant for Chilaca's home, FBI agents seized a Compaq desktop computer tower, a loose Western Digital hard drive disconnected from a computer, and a Simple Tech Pro Drive hard drive.  Each device contained videos or images of child pornography.  Each device was linked to the Dropbox account, allowing files added to a folder on that device to upload to the Dropbox account; the images were therefore accessible from the Dropbox folder on the other devices.

A grand jury indicted Chilaca for two counts of child-pornography possession, in violation of 18 U.S.C. § 2252(a)(4)(B).  A superseding indictment charged Chilaca with four counts, again under § 2252(a)(4)(B).  Count 1 charged possession of 24 images and 1 video of child pornography in the Dropbox account; Count 2 charged possession of 22 images and 6 videos on a "Seagate brand hard drive"; Count 3 charged possession of  7 images and 5 videos on a "Western brand hard drive"; and Count 4 charged possession of 6 images and 2 videos on a "Simple Tech Pro Drive brand hard drive."

Chilaca moved to dismiss the superseding indictment as multiplicitous, arguing that he could be charged with only

one count of violating 18 U.S.C. § 2252(a)(4)(B). The district court denied the motion to dismiss.

The jury found Chilaca guilty on all four counts, and the district court sentenced him to four concurrent 66-month terms, a lifetime of supervised release, a $400 special assessment, and $6,000 in restitution. The issue is whether the court erred by finding that the indictment was not multiplicitous and did not violate the Double Jeopardy Clause.

## II. THE LEGAL STANDARD

The Double Jeopardy Clause of the Fifth Amendment protects against multiple criminal punishments for the same offense. U.S. Const. amend. V ("[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb."). The court reviews *de novo* the legality of the conviction and the district court's denial of the motion to dismiss based on double jeopardy. *United States v. Overton*, 573 F.3d 679, 690 (9th Cir. 2009).

"An indictment is not multiplicitous merely because it charges more than one violation of the same statute based on related conduct; instead, a defendant can be convicted of multiple violations of the same statute if the conduct underlying each violation involves a separate and distinct act." *United States v. Technic Servs., Inc.*, 314 F.3d 1031, 1046 (9th Cir. 2002), *overruled on other grounds by United States v. Contreras*, 593 F.3d 1135 (9th Cir. 2010). "Where . . . a single act or transaction is alleged to have resulted in multiple violations of the same statutory provision, the Supreme Court has stated that the proper inquiry involves the determination of '[w]hat Congress has made the allowable unit of prosecution.'" *United States v. Keen*, 104 F.3d 1111, 1118 (9th Cir. 1996) (alteration in original)

(quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221 (1952)).

## III.    ANALYSIS

### A.  The Four Counts Were Multiplicitous

Section 2252(a)(4)(B) makes it a crime for "[a]ny person who either knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction" of child pornography. 18 U.S.C. § 2252(a)(4)(B).  The indictment charged four § 2252(a)(4)(B) violations.  The question is whether, under this statute, simultaneous possession of child-pornography images, stored in different media and found in the same location, creates separate "allowable units of prosecution."[2]

Chilaca argues that simultaneously possessing "1 or more" media or electronic storage devices that contain child-pornography images is only one violation of § 2252(a)(4)(B), regardless of the number of images or separate media used to store the images.  The government argues that storing child pornography on the Dropbox account and three hard drives constitutes four separate and distinct acts.  If not, the government argues, possessing "a single item that contains child pornography" would be analogous to someone possessing "a warehouse of such items," both punishable by only one count of conviction.

---

[2] Neither party contests that the Dropbox account is a medium that can be the subject of a unit of prosecution under § 2252(a)(4)(B), and we so assume for purposes of this appeal.

The circuits that have squarely addressed the issue before us have concluded that multiple counts under § 2252(a)(4)(B) are multiplicitous when the defendant simultaneously possessed the child pornography on different devices found at the same time and in the same place.

The Second Circuit considered whether several convictions under § 2252(a)(4)(B) were multiplicitous in *United States v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009). The defendant had 11 computer files containing child-pornography images and was charged with 11 counts of possession. *Id.* at 154. On appeal, the court concluded that the "1 or more" language in § 2252(a)(4)(B) means that a person who simultaneously possessed multiple "matters" found at the same place committed only one § 2252(a)(4)(B) violation. *Id.* at 155. The court contrasted the phrase "1 or more" in § 2252(a)(4)(B) with the language in § 2252A(a)(5) criminalizing the possession of "any" child-pornography images. *Id.* The court held that the use of "any" in § 2252A(a)(5)(B) meant that one "matter" was enough for a separate count of violation, while the use of "1 or more" was clearly plural and meant that even multiple "matters" could support only one violation.[3] *Id.*

---

[3] Based on that holding, the Second Circuit declined to consider whether each computer file containing child-pornography images was a separate "matter" under the statute, or whether a hard drive containing "1 or more" files was a "matter." The court held that § 2252(a)(4)(B) did not permit the defendant "to be convicted on multiple possession counts under either interpretation." *Id.* at 155 n.4 (citing *United States v. Lacy*, 119 F.3d 742, 748 (9th Cir. 1997)). The court also declined to consider whether there could be multiple convictions under § 2252(a)(4)(B) if the defendant acquired possession of the images on different occasions and stored them on different kinds of devices, such as on a laptop or a cellphone, because the defendant had been charged

In *United States v. Chiaradio*, 684 F.3d 265 (1st Cir. 2012), the First Circuit considered "what the legislature intended the proper unit of prosecution to be when it criminalized the possession of 'one or more' matters containing illicit depictions." *Id.* at 273. Law-enforcement agents seized a laptop computer from the defendant's bedroom and a desktop computer from a spare bedroom. *Id.* at 271. Each computer contained child-pornography images. *Id.* at 272. The defendant was charged with two counts of possessing child pornography under § 2252(a)(4)(B), which he challenged as multiplicitous. *Id.* The government argued, as it does here, that "the proper unit of prosecution is each matter or physical medium on which images are stored." *Id.* at 273. The government argued that two computers, one a desktop and one a laptop, located in two different rooms, supported two counts of conviction. *Id.* The court rejected the argument, finding no indication that the "1 or more" language means that Congress intended to allow multiple prosecutions based on multiple media with child-pornography images simultaneously possessed by the same person. *Id.* at 273–74.

*Chiaradio* relied on the Fifth Circuit's decision in *United States v. Kimbrough*, 69 F.3d 723, 730 (5th Cir. 1995), interpreting an earlier version of § 2252(a)(4)(B). *Chiaradio*, 684 F.3d at 274. The earlier version criminalized possession of "three or more" items containing child pornography. *See Kimbrough*, 69 F.3d at 730. The First Circuit concluded that both the prior and revised language showed Congress's intent to allow only one conviction for simultaneously possessing one or more images, even if on

---

with possessing "on a single date, eleven computer files stored on three hard drives housed in two adjacent rooms in a single premises, his detached garage." *Id.* at 155 n.5.

different storage media or devices. 684 F.3d at 274–75. *Chiaradio* concluded that changing the statute from "three or more" to "1 or more" showed that Congress wanted to prosecute possession of fewer images but not to increase the units of prosecution. *Id.* ("Accordingly, we hold that the plain language of section 2252(a)(4)(B) memorializes Congress's intent, at least in circumstances similar to the circumstances of this case, that one who simultaneously possesses a multitude of forbidden images at a single time and in a single place will have committed only a single offense. In this instance, the defendant may have possessed two 'matters' (i.e., two computers) that collectively contained thousands of images, but his simultaneous possession of 'one or more' matters transgressed the statute only once.").

The *Chiaradio* court also rejected the government's argument that storing images on separate computers in separate rooms made a legal difference under § 2252(a)(4)(B):

> The computers, while in separate rooms, were in the same house and were programmed so that files could move freely between them. If a defendant had multiple photo albums of images in his bedroom and living room and periodically swapped images between them, two convictions—one for each album—would not stand. This case, it seems to us, is the electronic equivalent of that situation.

*Id.* at 275. The First Circuit also rejected a comparison to cases analyzing possession of child pornography under § 2252A, which uses the word "any" instead of "1 or more."

"The phrase 'one or more,' unlike the word 'any,' strongly suggests Congress's intent that multiple matters be included in a single unit of prosecution." *Id.*

In *United States v. Emly*, 747 F.3d 974 (8th Cir. 2014), the Eighth Circuit considered the same issue. The court distinguished its precedent in *United States v. Hinkeldey*, 626 F.3d 1010 (8th Cir. 2010), which held that possession under § 2252A(a)(5)(B) allows a separate count for any type of material possessed. *Emly*, 747 F.3d at 978 ("Unlike the term 'any' in § 2252A(a)(5)(B), the phrase '1 or more' in § 2252(a)(4)(B) arguably manifests a clear intention to include multiple materials in a single unit of prosecution." (quoting *Hinkeldey*, 626 F.3d at 1014)). The *Emly* court agreed with *Polouizzi* and *Chiaradio*, rejecting the government's attempt to distinguish those cases. *Id.* at 979. The court found critical that "Emly possessed all of the images found on the separate devices on one medium prior to copying and transferring them onto the separate devices" and that "all of the devices were seized from one location, Emly's bedroom." *Id.* "Although certain of the devices contained images different from the others, the images were not distinct in that they all originated from Emly's laptop." *Id.*

The reasoning of our sister circuits is compelling. In arguing that those cases should not be followed, the government relies on the legislative history surrounding the amendment of § 2252(a)(4)(B), which previously prohibited the possession of "three or more" matters, to now prohibit the possession of "1 or more" matters. *See* Protection of Children from Sexual Predators Act of 1998, Pub. L. No. 105-314, § 203, 112 Stat. 2974, 2978. The government asserts that the name of the amendment, "Zero Tolerance for Possession of Child Pornography," and the comments of the

bill's proponents showed Congress's intent to stringently enforce laws against possessing child pornography, and argues that treating possession of one child-pornography image the same way as possession of multiple images by limiting the government to a single count would be an absurd result.

But we agree with our sister circuits that the legislative history of § 2252(a)(4)(B) points in the opposite direction. *See Chiaradio*, 684 F.3d at 274 ("But the legislative history contains no indication that Congress intended to permit multiple prosecutions when it used the term 'one or more' in section 2252(a)(4)(B), nor is there any inkling that Congress intended to allow prosecutors to divide simultaneous possession by a single individual of several matters containing child pornography into multiple units of prosecution."); *Polouizzi*, 564 F.3d at 156 ("That Congress, by its 1998 amendment, intended to prohibit 'possession of even one item or image containing child pornography' does not indicate that Congress intended to permit separate prosecution and punishment for each such item or image possessed." (citations omitted)). The 1998 change in § 2252(a)(4)(B) from "three or more" to "one or more" does not indicate an intent to allow multiple prosecutions or to permit prosecutors to divide simultaneously possessed media into multiple units of prosecution. *See Chiaradio*, 684 F.3d at 274; *see also Bell v. United States*, 349 U.S. 81, 83 (1955) ("When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution . . . .").

The government urges us not to follow these out-of-circuit precedents, citing dicta in *United States v. Schales*, 546 F.3d 965, 979–80 (9th Cir. 2008), stating that receiving child-pornography images on a computer hard drive and

subsequently transferring them to different physical storage media could constitute separate acts. But the actual holding in *Schales* was that the indictment as written provided an insufficient basis to conclude that the charged receipt and possession offenses were either based on separate acts or separate units of prosecution. *Id.* at 979. And, as *Chiaradio* noted, the *Schales* dictum relied on *United States v. Planck*, 493 F.3d 501, 504 (5th Cir. 2007), which interpreted § 2252A, not § 2252(a)(4)(B). *Chiaradio*, 684 F.3d at 275 n.3; *Schales*, 546 F.3d at 979. Section 2252A criminalizes possession of "any" matter, which the appellate courts consistently distinguish from the "1 or more" language of § 2252(a)(4)(B). The *Schales* panel did not have the benefit of the subsequent decisions of our sister circuits interpreting § 2252(a)(4)(B). *Schales* thus does not require that we accept the government's position, and we decline its invitation to create a circuit split. *See Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e decline to create a circuit split unless there is a compelling reason to do so.").

The government argues that § 2252 and § 2252A are "materially identical," with the only distinguishing feature being that § 2252A includes images of children that have been digitally morphed to resemble sexual depictions. We are not persuaded. This argument overlooks the textual distinction between § 2252A's use of "any" before the object of the offense and § 2252(a)(4)(B)'s use of "1 or more." *See Brown v. United States*, 623 F.2d 54, 58 (9th Cir. 1980) ("[P]refac[ing] the object of the offense with the word 'any,'" has led other circuits to "conclude[] that no clear intent to impose cumulative punishment has been expressed by Congress. . . . 'Seemingly this is because "any" may be said to fully encompass (i.e., not necessarily exclude any part of) plural activity, and thus fails to unambiguously define the

unit of prosecution in singular terms.'" (quoting *United States v. Kinsley*, 518 F.2d 665, 667 (8th Cir. 1975))); *see also Chiaradio*, 684 F.3d at 275–76; *Polouizzi*, 564 F.3d at 158 (the language criminalizing "any" prohibited images is ambiguous as to the allowable unit of prosecution).

We, like all other circuits that have considered the issue, interpret § 2252(a)(4)(B)'s use of the phrase "1 or more" to mean that the simultaneous possession of different matters containing offending images at a single time and place constitutes a single violation of the statute.  This interpretation is consistent with the provision's plain language and the structure of the statute as a whole.  Indeed, subsection (c) of the statute provides that it is an affirmative defense to a charged violation of § 2252(a)(4)(B) "that the defendant possessed less than three matters containing any visual depiction proscribed by that paragraph" and took specified measures to destroy the matters or report their existence to law enforcement.  18 U.S.C. § 2252(c).  The possession of less than three matters would be no defense to a violation of § 2252(a)(4)(B) if the possession of each individual matter gave rise to a separate unit of prosecution.

The government does not dispute that Chilaca's possession of child-pornography images on the separate media was simultaneous and in the same location.  *See Chiaradio*, 684 F.3d at 276 ("The short of it is that, on the facts of this case, the defendant's unlawful possession of a multitude of files on two interlinked computers located in separate rooms within the same dwelling gave rise to only a single count of unlawful possession under section 2252(a)(4)(B).").  The four counts under § 2252(a)(4)(B) charged in the indictment against Chilaca are therefore multiplicitous.

## B.  Multiplicity Is Not Harmless Error

The government argues that any error was harmless because the offenses were grouped for Guidelines calculation, *see* U.S.S.G. §§ 3D1.2(d), 2G2.2 (2016), and Chilaca was sentenced to four concurrent 66-month prison terms.  In *United States v. Kuchinski*, 469 F.3d 853, 856 (9th Cir. 2006), the court considered a defendant who had been charged with and convicted for both receipt and possession of child pornography under § 2252A(a)(2) and (a)(5)(B). The defendant pleaded guilty to the possession charge, but left the receipt charge for trial, after which he was found guilty.  *Id.*  On appeal, the defendant argued that the trial violated the Double Jeopardy Clause because possession was a lesser-included offense of receipt.  *Id.* at 857.  The court's holding addressed only a defendant who "was tried in a single prosecution with 'greater and lesser included offenses,' but pled guilty to a lesser offense before trial."  *Id.* at 859 (citation omitted).  In that circumstance, "double jeopardy was not implicated in his trial on the greater offense" because "[w]hile the Double Jeopardy Clause may protect a defendant against cumulative *punishments* for convictions on the same offense, the Clause does not prohibit the State from *prosecuting* [defendant] for such multiple offenses in a single prosecution."  *Id*. (emphasis and alterations in original) (internal quotation omitted).  The defendant in *Kuchinski* "was not punished separately for these counts, because his possession and receipt convictions were grouped pursuant to U.S.S.G. § 3D1.2(d) for the purposes of the Guidelines calculation."  *Id*.

In *Kuchinski*, the defendant argued only that the *trial* violated the Double Jeopardy Clause, not that the *convictions* violated double jeopardy.  *Id.*  By contrast, Garrido Chilaca argues that his multiple counts of conviction

for possession violate the Double Jeopardy Clause. Indeed, the court concluded in *Kuchinski* that even if the length of the sentence itself did not violate the Double Jeopardy Clause, the multiple convictions did. *Id.* at 859–60 ("If, as it seems, the counts were based on the same acts, entering judgment on both of the offenses would be improper. Nothing in the statutory scheme suggests that Congress intended that there be two punishments for a single act and courts cannot ignore the collateral consequences, which are not eliminated by concurrent sentencing."). The panel thus ordered the district court to "vacate the judgment and sentence" and remanded with instructions for the district court to "revisit this question." *Id.* at 860.

In *Overton*, we also explained that concurrent sentences do not make a double jeopardy violation harmless. *Overton*, 573 F.3d at 690 ("[W]e acknowledge that conviction on multiple counts carries collateral consequences that, if unlawfully multiplicitous, we cannot ignore simply because imposed sentences might run concurrently."). "For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense . . . and certainly carries the societal stigma accompanying any criminal conviction." *Id.* (quoting *Rutledge v. United States*, 517 U.S. 292, 302 (1996)). "Where we conclude that a defendant has suffered a double jeopardy violation because he was erroneously convicted for the same offense under two separate counts," the sole remedy consistent with congressional intent is to have the district court "exercise its discretion to vacate one of the underlying convictions." *Id.* (quoting *Schales*, 546 F.3d at 980). The error in this case was therefore not harmless.

### C.  The Remedy Is Remand for Resentencing.

Chilaca argues that the four multiplicitous counts prejudiced the jury and require a new trial.  The case law undermines Chilaca's argument.  The court in *United States v. Nash*, 115 F.3d 1431, 1438 (9th Cir. 1997), stated that "[e]ven assuming that [a new trial] might ever be warranted for multiplicity, this appeal is not a candidate for it because the government would have introduced exactly the same evidence had the indictment contained only one count."  This is consistent with our other precedents holding that the appropriate remedy for a conviction for multiplicitous charges is to vacate the multiplicitous count convictions, not a new trial.  *See, e.g.*, *United States v. Zalapa*, 509 F.3d 1060, 1065 (9th Cir. 2007) ("The remedy for meritorious multiplicity claims is for the district court to vacate the multiplicitous conviction and sentence." (citations omitted)).

Because the record clearly shows that evidence presented at trial would have been the same regardless of the number of counts charged, no new trial is warranted.

## IV. CONCLUSION

This action is remanded with instructions to vacate three of the multiplicitous convictions and resentence Chilaca for one count of possession of child pornography.

**REVERSED in part, VACATED in part, and REMANDED with instructions.**