NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 19-10328, 19-10351 |
| Plaintiff-Appellee, | D.C. Nos. 2:06-cr-389-WBS |
| v. | 2:18-cr-33-WBS |
| WILLIAM BLESSETT, | MEMORANDUM[*] |
| Defendant-Appellant, | |

Appeals from the United States District Court
for the Eastern District of California
William Shubb, District Judge, Presiding

Argued and Submitted November 9, 2021
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and BAKER,[**] Judge.

William Blessett appeals his conviction for possession of child pornography,

and he separately appeals his 24-month prison sentence for violating the terms of his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

supervised release stemming from a previous conviction for possession of child pornography. We vacate his conviction for possession in No. 19-10351 and remand for a new trial, and we affirm his sentence for violation of his supervised release terms in No. 19-10328.

In 2017, Blessett was arrested on charges of possession of child pornography and violation of the terms of his supervised release. During the execution of a search warrant that preceded his arrest, federal agents found a laptop, two tablets, and five phones, together containing at least 2,009 images and 57 videos of child pornography.

**1.** In 2018, a grand jury indicted Blessett on one count of receipt of child pornography under 18 U.S.C. § 2252(a)(2), five counts of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), and a forfeiture allegation under 18 U.S.C. § 2253(a) relating to the devices.

Shortly before trial, Blessett moved to dismiss the possession counts, arguing that the Double Jeopardy Clause prohibited charging separate counts of possession of child pornography for items found in one search but on different devices, based on this Court's decision in *United States v. Chilaca*, 909 F.3d 289, 295 (9th Cir. 2018). In response, the government filed a superseding indictment alleging one

count of receipt of child pornography under 18 U.S.C. § 2252(a)(2), together with a forfeiture allegation.[1]

After Blessett moved to dismiss the new superseding indictment on various grounds, the district court gave the prosecution the choice of proceeding on the superseding indictment's charge of receipt, on the lesser-included offense of possession in the superseding indictment's receipt count, or on one of the original indictment's possession counts. Both the prosecution and the defense agreed that proceeding on the superseding indictment's lesser-included possession charge would resolve Blessett's objections.[2] The district court stated that, in describing the charge in the jury instructions, it would use the word "possession" rather than "receipt," and the defense agreed.

After the prosecution rested at trial, the defense objected to the prosecution's request that the district court use the government's proposed modified version of the pattern Ninth Circuit criminal jury instructions for possession of child pornography. As defense counsel explained, the pattern instructions incorporated additional

---

[1] In relevant part, the superseding indictment charged that Blessett "did knowingly receive at least one visual depiction on a cloud file hosting service and on at least one digital storage device, using a means and facility of interstate and foreign commerce, and which had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so transported . . . all in violation of [18 U.S.C. § 2252(a)(2)]."

[2] We are not asked to decide, and do not decide, whether Blessett's various objections to the indictments had any validity.

alternatives for the possession offense defined in § 2252(a)(4) that are *not* lesser-included offenses of the receipt offense defined by § 2252(a)(2) and charged in the superseding indictment.

The district court overruled the defense's objections, accepted the proffered instruction, and instructed the jury to convict Blessett for possession of child pornography if the pornography "had been either shipped or transported in interstate or foreign commerce, or, *produced using or copied into material that had been transported in interstate or foreign commerce by computer or other means*." (Emphasis added.) After receiving these instructions, the jury returned a conviction.

In his timely appeal, Blessett argues that the jury instruction given at trial was erroneous because it set forth two possible means of proving an interstate commerce nexus, while the superseding indictment (which was based on the greater offense of *receipt* of child pornography under 18 U.S.C. § 2252(a)(2)) captures only one of those means. *See Stirone v. United States*, 361 U.S. 212, 215–16 (1960).

We apply *de novo* review to allegations that an indictment was constructively amended, and "[i]f the court determines that the indictment was constructively amended, a reversal is always in order." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 984 (9th Cir. 2020) (citing *United States v. Adamson*, 291 F.3d 606, 615 (9th Cir. 2002)), *cert. denied*, 142 S. Ct. 336 (2021). "A constructive amendment occurs when the charging terms of the indictment are altered, either literally or in effect, by

4

the prosecutor or a court after the grand jury has last passed upon them." *United States v. Davis*, 854 F.3d 601, 603 (9th Cir. 2017) (quoting *United States v. Ward*, 747 F.3d 1184, 1190 (9th Cir. 2014)).

The question presented in this appeal is whether the district court constructively amended the superseding indictment through the jury instruction. Under the charge given at trial, the jury could convict Blessett (assuming the other statutory elements were satisfied) if it found that pornographic *material* was shipped or transmitted in interstate or foreign commerce, or if the *device* onto which that material was copied or downloaded was itself shipped in interstate or foreign commerce. Although one form of possession of child pornography is a lesser-included offense of receipt of child pornography, *United States v. Johnston*, 789 F.3d 934, 937 (9th Cir. 2015), the government wrongly contends that every form of the possession offense described in § 2252(a)(4) is "necessarily encompassed by the statutory language of the greater offense of receipt" in § 2252(a)(2).

The elements of receipt under § 2252(a)(2) require that a person "knowingly receive[], or distribute[], any visual depiction" of a minor engaging in sexually explicit conduct. *See* 18 U.S.C. § 2252(a)(2). Section 2252(a)(2) also requires an interstate commerce nexus, which may be satisfied by showing either (1) that the defendant received the visual depiction using any means or facility of interstate or foreign commerce"; or (2) that the visual depiction is one "that has been mailed, or has

been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer." *Id*.

The elements of possession under § 2252(a)(4) require that the person "knowingly possess[], or knowingly access[] with intent to view[,]" any "matter which contain[s] any visual depiction" of "a minor engaging in sexually explicit conduct." 18 U.S.C. § 2252(a)(4)(B). Section 2252(a)(4) also requires an interstate commerce nexus, but it phrases it differently. Specifically, it must be shown that the visual depiction is one that "has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, or which was *produced using materials which have been mailed or so shipped or transported*, by any means including by computer[.]" *Id*. (emphasis added). As this Court analogously noted in *United States v. Davenport*, 519 F.3d 940, 944 (9th Cir. 2008), with respect to the distinct child-pornography offenses described in 18 U.S.C. § 2252A, "the interstate commerce requirement is technically different for receipt and possession." That is, "the receipt provision [in § 2252A] necessarily requires *shipment* of the pornography, while the possession provision may meet the interstate commerce nexus *either* by shipment *or* by alternative means." *Id*. (emphasis added).

A similar observation applies to § 2252(a). A defendant may be guilty of possession under § 2252(a)(4) even absent shipment of the pornographic material when, for example, that material was produced using a computer or cell phone that was itself transmitted across state lines. The elements for possession, therefore, are not always subsumed under the elements for receipt—it is possible for a defendant's conduct to meet the interstate commerce nexus requirement for the former and not the latter. Put another way, possession under § 2252(a)(4) may be said to be a lesser-included offense of receipt under § 2252(a)(2) only to their extent that their interstate-commerce elements overlap and not to the extent that they differ.

Here, the jury instructions—which were modelled on the Ninth Circuit's instructions for the § 2252(a)(4)(B) possession offense—directed the jury that it may find the interstate commerce element satisfied if the child pornography "had been *either* shipped or transported in interstate or foreign commerce" *or* "produced using *or copied into* material that had been transported in interstate or foreign commerce by computer or other means." (Emphasis added.)[3] But the superseding indictment alleged receipt under § 2252(a)(2), *not* possession, and those two offenses overlap only as to the first of the two nexuses in the jury instructions. That is, the jury could have convicted Blessett based on the view that he had copied images onto devices

---

[3] The phrase "copied into" was not in the Ninth Circuit pattern instruction but was proposed by the government based on the construction of "produced" in *United States v. Guagliardo*, 278 F.3d 868, 871 (9th Cir. 2002).

shipped in interstate commerce, even if those images had not themselves been transported in interstate commerce (including by using a means or facility of interstate commerce). This means that the jury instructions given at trial opened a path for the jury to convict Blessett of a possession charge that was *not* a lesser-included offense of the receipt charge that was alleged in the superseding indictment.

An indictment is amended " 'when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them.' " *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984) (quoting *United States v Cusmano*, 659 F.2d 714, 718 (6th Cir. 1981)). Because the possession offense described in the jury instructions allowed conviction based on a nexus element that was not included in the receipt offense charged in the indictment, that possession charge was to that extent not a lesser-included offense of the indictment's receipt offense. *See Schmuck v. United States*, 489 U.S. 705, 716 (1989); *see also United States v. Nichols*, 9 F.3d 1420, 1422 (9th Cir. 1993). As a result, it is impossible to know from the terms of the superseding indictment whether the grand jury would have indicted Blessett for the possession offense that rested on the non-overlapping interstate-nexus element, and we therefore must conclude that the challenged jury instruction constructively amended the indictment. *Adamson*, 291 F.3d at 615. And when this court determines that constructive amendment has occurred, "a reversal is always in order." *Tuan Ngoc Luong*, 965 F.3d at 984 (citing

8

*Adamson*, 291 F.3d at 615). We therefore vacate Blessett's conviction for possession and remand for the district court to conduct a new trial.

**2.** In his other timely appeal, Blessett challenges the district court's imposition of a 24-month sentence for violation of the terms of his supervised release,[4] arguing that the district court failed to sufficiently explain its reasons for imposing the maximum sentence. Blessett acknowledges that defense counsel did not preserve this issue, so we review for plain error.

The district court explained that Blessett's violation of the terms and conditions of his supervised release was a "serious breach of trust and the right message has to be sent on this one as well." We find no error in the district court's explanation for the sentence, especially in view of Blessett's repeated violations of the terms of his supervised release. We therefore affirm Blessett's sentence for the violation of his supervised release.

**In No. 19-10351, VACATED AND REMANDED; in No. 19-10328, AF-FIRMED.**

---

[4] This was not Blessett's first violation of the terms of his supervised release for his 2006 conviction.