UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY JAMES MERRICK,

Petitioner-Appellant,

v.

CHARLES L. RYAN; ATTORNEY
GENERAL FOR THE STATE OF
ARIZONA,

Respondents-Appellees.

No. 19-17247

D.C. No. 2:19-cv-00172-SPL
District of Arizona,
Phoenix

ORDER

Before:  BYBEE, OWENS, and COLLINS, Circuit Judges.

The Memorandum filed on January 23, 2023 is amended (1) by replacing the phrase <no basis for concluding> in the penultimate sentence on page 3 with <no persuasive basis for concluding>, and by inserting the following new footnote immediately after the clause in that sentence that ends with <has been rebutted,>:

> As we note below, the Arizona Court of Appeals' reasons for explicitly rejecting Merrick's Double Jeopardy challenge to Counts 23 and 24—*viz*., that the overlap between the two counts was irrelevant—would similarly apply to the Count 2 Double Jeopardy issue. *See infra* at 6. Under these circumstances, the court's failure to explicitly extend such reasoning to that additional Double Jeopardy challenge is insufficient to rebut the presumption.

An Amended Memorandum reflecting these amendments is filed concurrently with this order.  With those amendments, the panel has voted

unanimously to deny the petition for panel rehearing and the supplemental petition for panel rehearing. Judges Owens and Collins have voted to deny the petition for rehearing en banc and the supplemental petition for rehearing en banc, and Judge Bybee so recommends. The full court has been advised of both petitions for rehearing en banc, and no judge of the court has requested a vote on either of them. *See* FED. R. APP. P. 35(f). Accordingly, the petition for panel rehearing and rehearing en banc (Dkt. Entry 72) and the supplemental petition for panel rehearing and rehearing en banc (Dkt. Entry 74, 76) are **DENIED**. No further petitions for rehearing may be filed.

NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANTHONY JAMES MERRICK,

Petitioner-Appellant,

v.

CHARLES RYAN, *et al.*,

Respondents-Appellees.

No. 19-17247

D.C. No. 2:19-cv-00172-SPL

AMENDED
MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven P. Logan, District Judge, Presiding

Argued and Submitted November 18, 2022
Phoenix, Arizona

Before: BYBEE, OWENS, and COLLINS, Circuit Judges.

Anthony Merrick appeals the district court's dismissal of his petition for a writ of habeas corpus challenging, on Double Jeopardy grounds, his convictions for certain offenses in Arizona state court. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

An Arizona jury convicted Merrick of 11 offenses, including one count of fraud in violation of Arizona Revised Statutes § 13-2310 (Count 1); one count of theft of property with a value of at least $4,000 in violation of Arizona Revised

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Statutes § 13-1802 (Count 2); and nine counts of credit-card theft in violation of Arizona Revised Statutes § 13-2102 (Counts 6, 8–11, 14–15, and 23–24). The factual basis for all 11 of Merrick's convictions was his unlawful receipt and retention of 29 gift cards, each valued at $500. *See* ARIZ. REV. STAT. § 13-2101(3)(c) (providing that, for purposes of § 13-2102, "[c]redit card" includes a "stored value card"). The nine credit-card theft charges under § 13-2102 were based on the allegation that, without the consent of the issuers, Merrick "knowingly controlled" one or more of eight specific gift cards on various dates. Counts 1 and 2 were based on Merrick's unlawful receipt and retention of the 29 gift cards generally. Specifically, the fraud charge in Count 1 alleged that, through fraud, Merrick "knowingly obtained a benefit" from the issuers, and the theft charge in Count 2 alleged that, "without lawful authority," Merrick "knowingly controlled" gift cards worth $4,000 or more. At trial, the state argued that Merrick's theft charge involved more than $4,000, because "we have 29 gift cards" and "$500 each equals $14,500." Merrick was given concurrent sentences on all counts.

On appeal, Merrick argued, *inter alia*, that (1) his theft charge in Count 2 was multiplicitous of his nine credit-card theft convictions, in violation of the Double Jeopardy Clause; and (2) some of the nine credit-card theft convictions were multiplicitous of one another to the extent that they relied on the same gift

2

card.  The Arizona Court of Appeals partly agreed with the second argument and vacated Merrick's convictions on Counts 9, 10, 11, and 15.  *See State v. Merrick*, 2012 WL 4955425, at *2–3 (Ariz. Ct. App. Oct. 18, 2012).  The court's opinion did not address Merrick's other Double Jeopardy argument concerning Count 2, but it expressly affirmed Merrick's convictions on "Counts 1, 2, 6, 8, 14, 23 and 24." *Id*. at *4.  Merrick unsuccessfully sought review of the Count 2 Double Jeopardy issue in the Arizona Supreme Court.  After the district court denied habeas relief, we granted a certificate of appealability limited to the Count 2 Double Jeopardy issue.

As an initial matter, we reject Merrick's argument that the deferential standards of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d), do not apply to Merrick's Count 2 Double Jeopardy claim.  "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 562 U.S. 86, 99 (2011).  This same presumption applies when—as here—"a state-court opinion addresses some but not all of a defendant's claims." *Johnson v. Williams*, 568 U.S. 289, 298 (2013).  Merrick has provided no persuasive basis for concluding that this presumption has been

rebutted,[1] and we therefore treat the Arizona Court of Appeals' decision as having rejected the Count 2 Double Jeopardy claim on the merits. Accordingly, under AEDPA, a federal court may not grant habeas relief based on that claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). In applying these standards to a state court decision that did not explain why it rejected this claim, we "must determine what arguments or theories . . . *could have* supported[] the state court's decision" and then "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the U.S. Supreme Court. *Richter*, 562 U.S. at 102 (emphasis added).

Applying these standards, we conclude that fairminded jurists could reasonably reject Merrick's Count 2 Double Jeopardy argument. In addressing this issue, we assume arguendo that Merrick is correct in contending that the elements

---

[1] As we note below, the Arizona Court of Appeals' reasons for explicitly rejecting Merrick's Double Jeopardy challenge to Counts 23 and 24—*viz*., that the overlap between the two counts was irrelevant—would similarly apply to the Count 2 Double Jeopardy issue. *See infra* at 6. Under these circumstances, the court's failure to explicitly extend such reasoning to that additional Double Jeopardy challenge is insufficient to rebut the presumption.

4

of a theft charge under § 13-1802 overlap with the elements of a credit-card theft charge under § 13-2102, such that the two statutes do not define separate offenses under the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). But just as two bank robberies may be charged under the same statute when a defendant separately robs two banks, so too separate theft and credit-card theft charges may be brought based on the defendant's theft of distinct underlying gift cards. *See*, *e.g.*, *United States v. Chilaca*, 909 F.3d 289, 291 (9th Cir. 2018) (noting that the inquiry turns on "the allowable unit of prosecution" under the charged statute (citations and internal quotation marks omitted)). On this record, a reasonable jurist could reach such a conclusion here.

As the case was charged in the indictment and presented at trial, only a total of eight specific gift cards were at issue in the various credit-card theft counts. To sustain the charge of theft involving at least $4,000 under Count 2, only eight of the 29 cards at issue in that count were necessary, because each card was worth $500. Accordingly, Merrick's conviction on Count 2 would not be multiplicitous to the extent that it rested on eight of the 21 cards that were *not* at issue in the credit-card theft counts. Given that the state's theory and evidence at trial were that Count 2 was based on Merrick's possession of *all* 29 gift cards, the Arizona Court of Appeals could reasonably have concluded that, in convicting on Count 2, the jury should be understood to have accepted the state's undifferentiated reliance

5

on all 29 cards. That would mean that the jury concluded that Merrick unlawfully possessed all 29 cards, including the 21 cards that were *not* at issue in the credit-card theft counts. And since only eight cards were necessary to sustain the charge on Count 2, the Arizona Court of Appeals could reasonably have concluded that Count 2 was more than amply supported by non-overlapping cards and that there was therefore no Double Jeopardy violation. *See Merrick*, 2012 WL 4955425, at *3 (similarly rejecting Merrick's Double Jeopardy challenge to Counts 23 and 24, despite the fact that one of the five cards charged in Count 24 overlapped with the single card charged in Count 23).

For substantially the same reasons, we further conclude that Merrick has not shown a federal law error that "resulted in actual prejudice." *Davis v. Ayala*, 576 U.S. 257, 267 (2015) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).[2]

**AFFIRMED.**

---

[2] We decline to expand the certificate of appealability to include the additional uncertified issues raised by Merrick in his supplemental *pro se* opening brief. *See* NINTH CIR. R. 22-1(e).

6